## Woodrow MILLER, Plaintiff–Appellant

v.

## HARRIS COUNTY, TEXAS, c/o County Judge Ed Emmett; Honorable Belinda J. Hill, Individually and as District Judge; Theresa Chang, Individually and as former Harris County District Clerk; Charles Rosenthal, Individually and as former Harris County District Attorney; Executive Director Texas Department of Public Safety; M.D. Karen Gollaher, Individually and as Agent–Employee of GHBI, Defendants–Appellees.

**No. 10–20047**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Sept. 23, 2010.

Woodrow Miller, Beeville, TX, pro se.

Before JOLLY, GARZA and
STEWART, Circuit Judges.

PER CURIAM: *

Woodrow Miller, now Texas prisoner
# 1535217, filed a civil rights complaint in
the district court seeking an award of dam-
ages and declaratory and injunctive relief.
Miller contended that the defendants vio-
lated his right to due process by acting
adversely against him in reliance on a
March 2, 2006, order imposing conditions
of community supervision in cause number
876,249. The 2006 order related to a 2002
order of deferred adjudication. Miller's
guilt was adjudicated in 2008. *See Miller
v. Quarterman,* 2009 WL 2163125
(S.D.Tex. July 16, 2009) (unpublished).

The district court determined that Mil-
ler's complaint was barred under the rule
in *Heck v. Humphrey,* 512 U.S. 477, 486–
87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).
It dismissed the complaint as frivolous
pursuant to 28 U.S.C. § 1915A. Miller
gave timely notice of his appeal. We re-
view such dismissals for an abuse of dis-
cretion. *See Martin v. Scott,* 156 F.3d 578,
580 (5th Cir.1998).

The claims asserted against defendants
Belinda Hill and Charles Rosenthal relate

to acts performed in their judicial and
prosecutorial capacities. Because Hill and
Rosenthal are absolutely immune from
suit, the dismissal with prejudice of Mil-
ler's claims against them is AFFIRMED.
*See Boyd v. Biggers,* 31 F.3d 279, 284–85
(5th Cir.1994).

Miller contends that the district court
erred in dismissing his complaint without
giving him an opportunity to show that the
*Heck* bar does not apply. Miller has not
shown in his brief that he could have made
such a showing, and he did not make such
a showing in his motion for a new trial.
*See also Martin,* 156 F.3d at 580 (recogniz-
ing that there is no requirement that a
plaintiff be given notice prior to dismissal
of his complaint as frivolous pursuant to
§ 1915A).

Because the March 2, 2006, order impos-
ing conditions of community supervision
was rendered in Miller's criminal case, and
because a decision in his favor against the
remaining defendants would necessarily
imply the invalidity of the deferred adjudi-
cation order and the judgment adjudicat-
ing his guilt, the district court properly
dismissed Miller's claims against the re-
maining defendants for damages as prema-
ture. *See Heck,* 512 U.S. at 486–87, 114
S.Ct. 2364; *DeLeon v. City of Corpus
Christi,* 488 F.3d 649, 656 (5th Cir.2007)
(holding that a deferred adjudication order
is a conviction for the purposes of *Heck's*
favorable termination rule). Miller also
sought declaratory and injunctive relief.
Because the claims for declaratory and
injunctive relief call into question the va-
lidity of the deferred adjudication order
and order adjudicating his guilt, they were
dismissed properly under the rule in *Heck.*
*See Clarke v. Stalder,* 154 F.3d 186, 190–91
(5th Cir.1998) (en banc). Because the pre-

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

ferred practice is to dismiss *Heck*-barred claims with prejudice to their being asserted again until the *Heck* conditions are met, *see DeLeon,* 488 F.3d at 657, the judgment is modified accordingly.

The district court's implicit refusal to take supplemental jurisdiction over Miller's request for an accounting of payments made against a fine and court costs imposed in connection with the judgment adjudicating his guilt is construed as a dismissal of that claim without prejudice. *See Connors v. Graves,* 538 F.3d 373, 378 (5th Cir.2008).

Miller's contention that the Prison Litigation Reform Act is unconstitutional is foreclosed. *See Norton v. Dimazana,* 122 F.3d 286, 290–91 (5th Cir.1997).

AFFIRMED AS MODIFIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.